The next case on the docket is number 519-0380 LVNV Funding et al. v. Davis. Arguing for the appellant, LVNV Funding et al. is Nabil Foster. Arguing for the appellee, Casey Davis, is Sean Cronin. Each side will have up to 20 minutes for their argument. The appellant will also have 5 minutes for rebuttal. You will see the digital timekeeping device on my screen. If my time has expired, I will bang the gavel. Finally, please remember no photographs and only the clerk of the court is permitted to record these proceedings today. Counsel, for the appellant, you may proceed. Thank you very much, your honors. Good afternoon. My name is Nabil Foster. And here on behalf of the appellants, we are here to ask this court to acknowledge how the law in Illinois has already changed by recognizing that the Illinois Collection Agency Act was amended by the legislature to exclude private individuals from having a private right of action to seek money damages under the Illinois Collection Agency Act. For shorthand, if your honors will allow me, I will refer to the Illinois Collections Agency Act as the ICAA, if that's all right with your honors. Indeed, the Illinois Supreme Court has already acknowledged and stated that only the Department of Professional Regulation has standing to pursue civil violations under the Collection Agency Act. And that was a statement by the Illinois Supreme Court and Datacom Systems, a case that was decided in 1991. The primary premise of this appeal and the importance for it is that this is the opportunity for the court to provide clarity as to the state of the law in the state of Illinois, specifically under the Illinois Collections Agency Act, an act that has existed since 1977 and has been amended several times by the legislature to clarify and to focus the purpose and the intent that the legislature had in enacting that statute. In particular, it is the express intent of the legislature as expressed in the amendments to the Illinois Collections Agency Act or the ICAA that only the Department of Financial and Professional Regulation can assess civil penalties for violation of the ICAA and only the department determines the amount of the fine after hearing. That's you find in sections 4.5 and section 9 of the ICAA. In addition to the express intent, the department has the exclusive as the focus authority for enforcing the Collection Agency Act. Under 9.7 of the ICAA, the attorney general may enforce certain violations of the ICAA as an unlawful practice under the Illinois Consumer Fraud Act. And that's in section 9.7. None of these sections mentioned the private individuals being entitled to monetary relief in a lawsuit. The legislature expressly included individuals, however, in the ICAA expressly on a limited basis. And that limited basis is found in section 14A. And in 14A, it was created by the legislature in 1989 in the same legislative stroke of the pen that focused the section 9 and section 4.5 and 9.7 on the department and the attorney general. In that same legislative act in 1989, section 14A was created, which allowed any individual to file a lawsuit to seek injunctive relief to prevent unlicensed activity within the state. And that is, if you will, so that's some total of section 9, the express delineation of the department as the authority to enforce section 9 for violations of the ICAA. It's not just the sections ICAA in section 9, but ICAA refers to all the rules and regulations promulgated under this particular statute are all within the purview of the department for the purposes of the regulation. The regulation focus of the statute. By that particular legislative act in which the legislature both identify the department, the attorney general, and any individual with respect to the appropriate venues for pursuing some type of action under the ICAA. The reasoning of Metzger v. DeRosa, excuse me, Illinois Supreme Court case decided in 2004, the reasoning of that case is instructive and guides us here. In that case, the Illinois Supreme Court reasoned that where the legislature has expressly provided a private right of action in a specific section of a statute, we believe the legislature did not intend to imply private rights of action to enforce other sections of the same statute. And that's what we have here, your honors. We have the legislature identifying that the only provision under which an individual could go into court and seek some type of relief is injunctive relief. And that's under section 14A. Individuals are not permitted under the statute to seek a private right of action to recover money damages or to otherwise to enforce the ICAA. Additionally, the ICAA expressly adopts the Illinois Administrative Review Act. And in adopting the Administrative Review Act, the Illinois Supreme Court is also quite instructive and helps to explain to us, again, in the Metzger case, that where a statute creating or conferring power on an administrative agency expressly adopts the administrative review law, a circuit court has no authority to entertain an independent action. And so we think that the combined total of the clear amendments made by the legislature, both in terms of section 9, section 4.5, 9.7, and 14A, with the adoption of the Administrative Review Law, under the guidance of the Supreme Court, makes it quite clear that the law has already changed. And what we need is an individual to help a case to help clarify that, in fact, the law has already changed. So this court really has a fairly easy job to do of acknowledging the changes that have already been identified and made in the law. The legislative intent of including the Administrative Review Law, as expressed by the Illinois Supreme Court in the Metzger case, again, is that they said, thus, in providing that the Administrative Review Law is applicable, the legislature has demonstrated its intent that no private right of action be employed. And that's what we have here, Your Honors, in the particular concept. How did the circuit court judge get around this? What was his reasoning? He didn't provide much of a reason, Your Honor. He simply, I think, relied on the Sherman case, which is old law and dates from 1978, and his case law, that's really no good anymore. So, what do we have here? We have a clear expression from the Illinois Supreme Court that only the Department has standing to seek monetary damages under the ICAA. And it gets us to the point that we have the statute that was the purpose, the overall purpose is to protect consumers from, you know, excuse my common speaking about bad acts. And the purpose of the statute was actually to protect the public through regulation. And the regulation was created by the Illinois legislature to give the power to certain elements of the state to enforce these regulations to ensure compliance. And the main focus of whether or not the statute is whether or not a private right of action could be inferred or should be inferred is whether the available remedies under the statute as created by the legislature are sufficient to make compliance likely. And that's the real test here. And that's the real focus. And under the laundry list of tools available to the Department and the Attorney General, the ability to assess monetary fines up to $10,000 per violation by the Department after hearing and upon review of the Department. The Department can also revoke licenses, suspend licenses. The Attorney General can enforce certain provisions or certain violations of the statute under an entirely separate code as explicitly identified by the legislature. We have a comprehensive legislative regiment of enforcement mechanisms of remedies to ensure compliance with the statute as being likely. And going back to Section 14A, if you will, the legislative, the full backstop to the understanding of the purpose of the statute to ensure licensing and regulation is the fact that under 14A, any person can file a private cause action to enjoin unlicensed activity from happening in the state. And that's a clear indication with the legislature that regulation and licensing are the focus of this overall statute. And they delegated certain responsibilities or powers to particular actors of the state and no one else. And under the legislative construction, the canons of legislative construction, when the legislation identifies certain things or enumerates certain rights of certain individuals to do things, there's the understanding that they excluded others. And in this case, it's pretty clear that the legislature contemplated both the state and individuals in the amendment in 1989. And that is the fundamental issue that we have in this case that because the statute doesn't provide for a private right of action or a cause, the appellee in this case has no legal cause of action upon which to seek certification of a class. There is no, as you said, there's no there there. There's no standing for the appellant to go into court and to claim that there is a violation of the statute and to use a private lawsuit as an enforcement mechanism for those violations. The statute doesn't provide any remedy for an individual to seek whatever they may, whatever damage they may think they have been caused by the activity. Because in fact, under Illinois law, there are ample remedies already available to individuals who are sued in a court and don't think that they should be sued. Most obvious one is a motion to dismiss under 619. There's a defect in the complaint. The Code of Civil Procedure allows someone to say, hey, there is some reason that this lawsuit should not proceed, and it gets thrown out of court. You also have, if someone thinks that they've been inappropriately sued, there's a tort for malicious prosecution. And if someone feels they've been wrongly sued, Illinois law already provides the remedy for that type of attempt to address that. The state of Illinois, like the rest of the United States, we live under the American system where the courts are open. The courts are open and people can bring causes of action to be heard. But it doesn't mean just because someone wants to bring a cause of action that they actually have a cause of action. Simply because someone files a lawsuit doesn't mean they have something that the court will recognize. And in this case, we know that the lower court in certifying the particular class overstepped and made a mistake of law by having a class certified based upon a private individual attempting to enforce the Illinois Collection Agency Act. The case law that the Appellees rely upon and that the Circuit Court relied upon is all case law that was decided before the legislature amended the Illinois Collections Agency Act in 1989. The Sherman class is 1979. And the Sawyer case that they also cite to is 1982. And more importantly, the Sawyer case was a case in which it only cited to the Sherman case for the test that courts use for determining whether or not there is a private right of action, not for the proposition that there is a private right of action under the Illinois Collection Agency Act. That's something that gets lost in the details, Your Honors, but it's quite clear that the Sawyer case was simply citing to Sherman that was citing to another case for the multi-part test that they use for determining whether or not a private right of action should be inferred. It's the same test that the court visited and reviewed in the Metzger v. DeRosa case. Even though the Metzger v. DeRosa case was dealing with the personnel code, which is technically a different statute, the reasoning is entirely applicable and overlays exactly onto the situation that we have here. Excuse me. I apologize, Your Honor, I've lost my place. I'll pick up with the next point. And the next point is that we're here today on a petition that this court granted regarding class certification. And the class certification was wrongfully denied because, as we said, it's a fundamental issue, a mistake of law, that there is no cause of action upon which a class can be certified. And this is a point that the appellate court can take up and identify, even at the class certification stage, to essentially have the issue put before the appellate court to say, no, there is no cause of action here, and you can't have that. And that was done by the Illinois Supreme Court and Barber Sales v. Intel Corp. And that's in 2007, where the court reversed class certification because the plaintiff's claims were not actionable under the Illinois Consumer Fraud Act. And that was a similar situation in which a cause of action went through the process. The lower courts, class was certified, went up on review, and the court said, in reviewing this class certification, it's inappropriate that that's not actionable under the Illinois Consumer Fraud Act. We have the same situation here, Your Honors, where you are presented with a clear case in which there's a class certification of a claim based upon a cause of action that the Illinois law does not recognize for individuals. Your Honors, there are other points that we raised in the brief. I'll touch on those briefly. I don't want to belabor the points. I know that you've read the briefs and you're familiar with the issues. I'll just touch on briefly the ones I think are most important. And that is under the, in this particular case, the claim that was, the putative claim that was certified is essentially a claim that Section 8A was not, was not, sorry, Section 8B was not followed by the appellees in attaching certain documents. Our fundamental argument is that, first of all, there's no prior right of action. So that's the, that's a problem. Secondly, is that Section 8A doesn't apply to debt owners or debt buyers. And Section 8A is only focused on assignments for collection. And the distinction between someone who purchased, an entity that purchases a debt and is a debt owner through a purchase and an assignment for collection is, was explained with great detail and clarity in Unifund versus Shaw. The Illinois Appellate Court first helped explain the difference between the two. And in that court, in that case, the appellate court helped explain that Section 8B just simply doesn't apply to debt buyers. And that was the case in 2008. It was also the case in 2013, when an amendment was made to help clarify that the, that debt buyers are, are to be exempt from any, any requirements to comply with Section 8B under the Illinois Collection Agency Act. Like I said, there, there are other parts, there are other reasons why class certification is not appropriate in terms of the, the class representative has problems with predominance, commonality, and adequacy. We detail those in our briefs. I will not go through all of those right here now because I don't want to belabor the issue. And there are a few other issues, but I will, I'll be happy to stop there too. If there are any questions that, that your honors would like me to try to answer in the time that I have left, otherwise, I'm, I'm happy to remain quiet and pass the focus to the Appellate Council and you'll hear from me on my response, my reply. All right. Thank you, Counsel. Questions, Justice? Can I ask one, one other question, please? Mr. Foster, is there anything you want to add to your brief concerning the, the order for sanctions on the discovery? Your Honor, only that our understanding of Rule 306, there, there really isn't much case law out there in terms of, there's nothing in the rule that says that all things, things are excluded. So 306 says, as language that's rather open in terms of what issues or what's before the court and the previous, the previous rulings that were in the court, those are all part of the procedural steps that bring us to this point here. So under that judicial doctrine of what's before the court and also to avoid any, any potential claim later that we waive the issue, we raised those in, in the appeal that the, the discovery certainly was, was, was over-inclusive and was, was far outside the needs of the case. And also the issue of personal jurisdiction over one of the appellees, they withdrew from doing business well before the lawsuit was filed. And so there's no basis for personal jurisdiction for them. We detail that in the, in the complaint, Your Honor. So for brevity sake, if there's any more specific question you want to, I, I don't feel like repeating things we've already said. That's why I asked if there was anything you wanted to add to it. No, Your Honor. Thank you. Thank you. I'm sorry. Okay. No problem. Okay. Thank you, counsel. Counsel for appellee. Good afternoon. Can you hear me? Justices? Thank you. My name is Sean Cronin. I represent the estate of Masia on behalf of the Illinois class that's been certified. And we're here to ask you to affirm the order of this trial court granting partial class certification in this matter. Given the argument Mr. Foster's given and the state of the record on appeal in this case, I think a recitation of the procedural history is very much in order. This case was filed by LVNV, Mr. Foster's client, seven, one and a half years ago against Masia. LVNV is a professional debt collector. Specifically, they are a debt buyer in that they buy what you would call tranches of debt, which is basically a lot of spreadsheets with people's names on it via a document called a purchase agreement. And then they mass sue people. In this case, they have admitted in the trial court that in the class period, we're alleging they have sued 30 in excess of 34,000 Illinois citizens in Illinois courts. You won't find that in the record because Mr. Foster admitted that during hearings multiple times in front of the trial court. They were very careful not to produce documentation that said that, despite the fact that they were ordered to do so numerous, numerous times. Conveniently for LVNV, not a single transcript from a single hearing in this case, including the hearing on class certification, is included on the record on appeal. In addition, 383 pages of exhibits that my client submitted in support of their motion for class certification is excluded from the record on appeal. Those documents are required by Rule 323 to be included in the record on appeal and it is LVNV as the appellant's responsibility to make sure the record is complete. The record is far less than complete. You don't have the exhibits the court based its opinion on and you don't have the transcript, which was an extensive hearing upon which it based its opinion and at which it extensively discussed the basis for its opinion. Judge Barberis, you asked, how did the court address the ICAA issue? Well, I wish you knew that, but you don't have the transcript because Mr. Foster did not provide that to you. What is completely absent from the record, almost in its entirety, is that there were nine motions for sanctions filed in this case. Six of them were granted. You do not have the benefit of the transcripts of any of those hearings because they have not been included in the record. You do not have the benefit of any of the exhibits we submitted in support of those motions because they have not been included in the record. On top of the cis sanctions motions that have been issued, what you don't know is that retired District Judge Patrick Murphy was appointed by the trial judge Gleason to oversee discovery in this case at the cost of LVNV because of the extent of their violations. The trial judge was literally at a loss as to what he could do to compel them to comply with discovery and I'm here to tell you they never ever did. They never produced documents with regard to the purchase agreements by which they say they purchased all these debts, 34,000 of them. Judge Murphy was ineffective at convincing them to do so and Judge Gleason was ineffective at convincing them to do so. With regard to the motions to dismiss, they talk about, Judge, you're not going to see any of the orders on the motions to dismiss. In fact, they supplemented twice in this case the record. This court graciously gave them permission to do so. They never included the transcripts or the exhibits. They excluded all the motions on the sanctions and all the transcripts regarding those sanctions hearings. And then what they asked to supplement most recently was the order with regard to Sherman Financial's personal jurisdiction issue and they supplemented with, again, the incorrect order. They have completely failed to provide this court a record and I would say that is consistent with what they did in the trial court with regard to their refusal to follow the court's orders and the rules of the Supreme Court with regard to discovery. They wanted to conceal information from the trial court and they did. And now they have similarly concealed from this court the information you would need to rule on whether or not Judge Gleason abused his discretion. You can't possibly rule on that without a complete record and that is their burden to prove. And Judge, with that I will move on to the ICAA argument that Mr. Foster focused on most. Their argument is that I have a question about the ICAA. Is it a violation to fail to attach the assignment to the complaint? Judge, let me answer that with two answers. Section 8B was amended in 2008 to include debt buyers expressly, to include debt buyers with regard to all provisions of the ICAA. In 2013, it was amended again to say, well, now that requirement to attach the assignment does not apply to debt buyers. That happened in 2013. Judge, I'll remind the court that in this case, there are, LVNV is the counter defendant, but there are three third-party defendants and none of those third-party defendants who are also responsible for filing these lawsuits are categorized as debt buyers. And so those third-party defendants are still collection agents that are required under 8B to attach the assignment or at the very least to be in possession of an assignment that shows full chain of title when they file. And again, what you can't see, Judge, is that Mr. Foster on behalf of LVNV and all three of these other defendants admitted to the court that they do not have assignments showing chain of title all the way back to the creditor. They didn't want to include that on the record because they didn't want you to see that. Judge, can I address the history of the ICAA to respond to Mr. Foster's argument? So Sherman v. Field Clinic unequivocally said that there was an implied private right of action in 1979 under the ICAA. The Supreme Court subsequently upheld that in 1982. That case has never been overruled. That is the fundamental basis for Judge Gleason's order. What Mr. Foster is asking you to do here today is not clarify the law. LVNV is a multibillion-dollar company that sues 34,000 people in Illinois every five years. They really don't like consumer protection laws. They use our court system to effectuate their debt collection to turn bad paper into good judgments. And they don't want people to have a remedy to go after them when they perpetrate their fraud on the court. And again, there's no question they did that here. They admit when they filed it, they knew they couldn't prove it. That's the nature of the violation. And in 1979 and 1982, Illinois courts said there's an implied private right of action. Subsequently, the ICAA has been amended many times. Mr. Foster mentions an amendment where they added the ability for the Attorney General to sue to enforce the ICAA under the Illinois Consumer Fraud Act. There's nothing about that amendment that expressly overrules the Illinois Supreme Court's ruling that there's an implied private right of action. In fact, I would argue it just broadens the ability of the state in conjunction with private citizens to enforce the ICAA. And the reason they did that, and if you read the press release from the Attorney General that we cite in our briefing, is that debt buyers have become such a problem. They specifically added that to give another way for the state to get a remedy against debt buyers because there's such a problem. They've been committing fraud in Illinois courts, and you don't have to take my word for it. You can look at the AG office's findings, and you can look at what the Federal Consumer Financial Protection Bureau has been finding against all these debt buyers. They have consent orders saying, we did it. We've been filing fraudulent lawsuits. We're sorry. And then they pay tens of millions of dollars to the federal government and get a slap on the wrist. So that's why that section was added. What Mr. Foster can't explain when he's saying that there's now no private right of action is that every time the legislator amends, they're presumed to know what the Supreme Court and the appellate courts have held. And they had expressly held there's an implied private right of action under this act. But that was the intention of the legislator when they passed it in 1977. They never expressly overruled that, and they're supposed to know about it. They do know about it. And they had every opportunity when they were doing these extensive amendments to say, by the way, there's no longer a private right of action under the act. They didn't do that. And that is a tenet of statutory interpretation. They knew when they passed those other laws that the Supreme Court had said that, and it's their job to overrule that if they don't like the Supreme Court's interpretation of legislation. Here are some inconsistencies with Mr. Foster's argument that I think you can't get around. Also in 1995, the legislator added Section 9.5. Section 9.5 provides a civil statute of limitations. What does a civil statute of limitations in this act mean if it doesn't apply to private causes of action by citizens of Illinois? Now, he mentioned 14.5, which is injunctive relief, and that's any citizen in Illinois can move for injunctive relief if an unlicensed debt collector is collecting in Illinois. But that doesn't affect all the other violations under Section 9. A statute of limitations makes no sense unless it applies to Illinois citizens, and here's why. I used to do municipal law, and I'm very familiar with, there's an old tenet that the time does not run against the king. And I do not recall how to pronounce that in Latin, but what it means is statutes of limitations don't run against the state. So they don't run against the Department of Regulation. They don't do that. They don't run against the Attorney General's Office on behalf of the state. They don't. And so a statute of limitations provided by the legislator in 95 of five years can only be intended to apply to private causes of action civilly brought in state court. Additionally, what he did not mention at all is Section 60 of the ICAA. That wasn't passed until 2016, four years after we've been trying to get discovery from LVNB, and they were roadblocking it. Section 60 specifically says that it identifies three particular defenses that are available under the Fair Debt Collection Practices Act, which is a federal statute. And it says if a debt collector can prove these defenses, they qualify as defenses against civil liability under this act. That section makes absolutely no sense unless there is civil liability under this act, and a private citizen can file it in state court. That's why he didn't mention that to you. And by the way, the reason that they would tie in defenses under the FDCPA to the ICAA is because the ICAA, if you look at when it was passed in 77, was specifically modeled on the FDCPA. And the FDCPA specifically provides relief to citizens, debtors, by bringing private cause of action against those debt collectors that commit these violations. Another thing he didn't mention with regard to the administrator review issue is he cites Metzger. In Metzger, they said in that particular case, under the Personnel Code, I'm sorry. Under the Personnel Code, they were trying to find out if there's a private cause of action, and they said there isn't there, and they went through the original four factors the Sherman Court went through. Now, by the way, no one had previously determined whether there was a private cause of action under the Personnel Code, which has happened here 40 years ago. So this was a first-time issue for the Personnel Code. And they went through those four elements, and they decided there wasn't an implied private cause of action intended by the legislator precisely because people still had a remedy administratively. They had the right to report their complaints and have a proceeding administratively before an administrative body. And they had the right to personally get a remedy by that administrative body and then appeal that issue. That is not true here under the ICAA. The Administrative Review Act applies under the ICAA only with regard to the Department of Professional Regulation. When they passed that, by the way, they removed Section 10 of the ICAA, which had previously given citizens the right to file complaints directly to the department. Now, it never provided them a remedy. So what you have here is, just as it was true in 1979 when Sherman was decided and the Supreme Court subsequently upheld it, there is still no direct remedy for a citizen of the United States that's had a violation committed against them by a debt collector under Section 9 or Section 8b. They don't even have the ability to report it to anybody. And even if they do report it, they can't participate in the process, and they don't get a personal remedy for that. So as was true then is true now, there is no remedy. So the analysis has not changed. And the legislator must know that because otherwise they would have overtly overruled Sherman, and they chose not to do so. If there's no more questions about the ICAA, I was going to try to cover some of the other issues identified in the briefing. You may proceed. Thank you. Judge, as I stated earlier, the record is woefully inadequate here. In addition to this ICAA issue, which again, they're asking you to change the law. I don't think there's jurisdiction for you to even consider it. They're doing this under a partial class certification. And what they're asking for is, in quote, clarification under their petition for leave to appeal. They don't ask for anything else in their petition for leave to appeal. This court's jurisdiction when someone files a petition for leave to appeal is based on what they asked to appeal. This court graciously utilized its discretion and gave them leave to appeal here. And what you were rewarded with after that was they're trying to use a Trojan horse method to take a million other issues that were not in their petition for leave to appeal when you had to rule on it. And now force it into your jurisdiction and try to get you to rule on all those things, including whether or not there's personal jurisdiction over one of the defendants, whether or not the trial court should have compelled them to produce discovery. And whether or not the sanctions were in order. Well, A, you don't have jurisdiction to do that. I, when I had to respond to their petition for leave to appeal, only knew they wanted to appeal one issue. So I was hamstrung and responding to it. And this court was hamstrung because they didn't identify other issues. So the fact that they are trying to bring in 12 other issues is probably inappropriate. And I think it was intended partially To make sure I had to breathe 54 pages and avoid the one issue they really wanted to address. So I don't think there's jurisdiction. In addition, I They're required under Rule 323 to do that. It's not optional. They're required to do it. They didn't just not file it in this court. They didn't request it from the trial court. They could have requested the common law record like any other litigant would have done. It's real easy. You write a letter to the circuit clerk and they prepare the entire common law record LVNV chose To piecemeal the record. They filed what they wanted. And then when we made some arguments, they filed something else. And then even after we briefed they asked for leave again to expand the record when I wouldn't even have a chance to address it in my briefing. And even after we had addressed how inadequate the record is they didn't file a single transcript, including of the sanctions hearings of the dismissal hearings and most importantly of the hearing on class certification. And so they don't get to argue these things in this court doesn't have to address them for both of those reasons. They are required. It is their burden to make sure there's a complete record and Illinois case law. It's black letter law. That this court doesn't have jurisdiction and should not does not have the ability to review based on an abuse of discretion standard When you've been given an inadequate record to review. How could you possibly know if Judge Lisa and abused his discretion with regard to any of those orders, many of which you don't even have When you don't have the evidence that was submitted to him or the hearing transcript where all the oral argument was made, I would submit. They don't want you to see it and because We'll never know why they didn't do it is why you don't have to review any of these things. And in fact, don't have the ability to properly review these things, Judge, they addressed. All of the elements of class certification under 801 they've chosen not to argue those today, I would say that they're waving that their briefing is inadequate in that regard. Again, Their petition for leave to appeal did not address those elements traditionally a petition for leave to appeal when you're challenging class certification, you would identify which of those elements commonality typicality numerosity. That you're appealing and then you would only get to appeal those issues. They did not include any of those issues in their petition for leave to appeal, not a single one. But if you look at the trial courts order, which is 23 pages. It's extensive. It's clear that the trial court put a lot of time and thought and effort into this, you'll see that the court has ample justification for its opinion. And because you don't have a record, you have to presume that the judge filed the law that his findings of law and findings of fact. Are consistent and don't constitute an abuse of discretion because you don't have the evidence or the transcript. That shows what thought process he utilized and coming to that opinion with regard to the ICAA to and I apologize. This is kind of circular, but that issue was initially ruled on in response to motions to dismiss five years ago in this case. It was extensively briefed and extensively argued and the court decided then that there was a private cause of action, according to Sherman, and then it never been overruled and the legislator had not specifically overruled that So that's another example of a part of the record that you do not have where it was actually initially decided and I can tell you, but you'll, you don't know if take my word for it. That at the hearing on class certification. It was discussed extensively that the judge had already ruled on the extensive briefing and oral argument. On the motions to dismiss about the ICA issue and you have also been deprived of that and you have to take my word for it. The judge Gleason partially based his opinion on that briefing and transcript because you don't have either of those transcripts and I would suggest that that is intentional. Judge, I think I'll just rest on my briefing and if you have any other questions, I'd be happy to answer them in the brief time I have And Now, right. We'll Hear from counsel and rebuttal. Well, Thank you very much. One thing that you did not hear from the appellees council is Any sort of response to the to the arguments raised based upon the data calm case or the Metzger case. What you primarily heard was a regurgitation of that Sherman is Sherman is old law and it it's never been over. It's never been overruled Well, the, the point is that the law changed and the legislature changed the law and all this court has to do is to recognize the change that the legislature wrote into the statute in 1998 and so this court doesn't have to change the law, the laws already changed. With respect to the council's citation of the I believe it's section. Oh, I'm sorry. My memory is fading. It's the art. It's the stats limitations for a civil action. I'm sorry, I can't remember the particular statute, but it was an amendment that the Council argue that was 1995 It provided a special mutations for civil, you know, for civil actions in the in this in the state under the statute and try to argue that it makes no sense in those there's a private cause of action. Again, It's, it's missing the obvious here, which is that the only private right of action cause of action in civil court that's allowed on the statute. Is an individual going into court to seek injunctive relief. That's a civil action that is that is a that's the action to which the special mutations would apply. So there's no basis to completely non sequitur to say that the statute limitations that refers to civil actions when the statute specifically allows for Individual to seek injunctive relief that somehow there's something else that's to be read into the statute where it doesn't exist. That's, that's, that's the the judiciary rewriting the, the, the, the, the laws created by the legislature and that's not the that's not the appropriate role. We all know that Can you address for me in your limited time left Why the record is incomplete as as suggested by Mr. Cronin with regard to all the orders and other things that we don't have in the record. Well, no, your, your honor, you do have a complete record to rule upon is the issue of the ICAA and the private right of action is a is a question of law review de novo and you have the 23 page opinion by the circuit court judge explaining his basis and his reasoning for the for that For the finding that he made specifically in that ruling that order that there's a private cause of action. So his basis of explaining what that was, was, was in his order. And that's the order in which we're appealing the with respect to the council's About the record regarding other hearings and other issues. There were there were numerous hearings and new razor. The, the one that we brought to the attention of not all of them are are here. As part of the appeal, but rather the one in involving the personal jurisdiction, which is Which is based upon a public record documents of the the document file with the Illinois Secretary of State withdraw of Sherman withdrawing from doing business in Illinois before the Lawsuit was filed. And secondly, regarding the particular the order by the court to produce Millions upon millions of pages of documents, despite the evidence and being presented to the court in the record regarding the disproportionality of that to the cause of to the issue at hand. It goes back to the, the fundamental issue of this appeal is primarily about there's no private cause of action for Messiah. And lastly, the plaintiff referred to section 60 Regarding affirmative ventures for civil liability. Again, that refers to the department has the as the Supreme Court said the department is the only one that has standing to bring a cause of action. For civil damages and in an industry industry in an administrative proceeding and section 60 room identifies those affirmative advances that a Debt collector can raise in those administrative hearings under this particular regulatory scheme that the department has the exclusive right to enforce and with that I have 30 seconds left. I would want to thank you for your time, your honors. It's been an honor. Thank you very much, and I will, I will rest. Thank you, counsel, the court will take the matter under advisement and issue its decision in due course concludes today's doc